# EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

Electronically FILED by Superior Court of California, County of Los Angeles 8/07/2026 12:58 PM David W. Slayton, Executive Officer/Clerk of Court, By S. Bolden, Deputy Clerk

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***

ROCKET MORTGAGE, LLC, ITS SUCCESSORS AND/OR ASSIGNS, AND DOES 1-50, INCLUSIVE

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***

MARIA BENITEZ

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (*www.sucorte.ca.gov*), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (*www.lawhelpcalifornia.org*), en el Centro de Ayuda de las Cortes de California, (*www.sucorte.ca.gov*) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Stanley Mosk Courthouse
111 Hill Street
Los Angeles, CA 90012

CASE NUMBER:
*(Número del Caso):*
26STCV24722

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Maria Benitez/1221 245th Street, Harbor City, CA 90710/(310) 991-0523

DATE: ~~August 5, 2026~~
*(Fecha)* 08/07/2026 David W. Slayton, Executive Officer/Clerk of Court
Clerk, by *(Secretario)* S. Bolden , Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* Rocket Mortgage, LLC

under: ☑ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify):*

4. ☑ by personal delivery on *(date):* 8/12/26

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:
MARIA BENITEZ BY ANTHONY CURTIS
1221 245TH STREET, HARBOR CITY, CA 90710 T

TELEPHONE NO.: (310) 991-0523 FAX NO.: (951) 855-8011
EMAIL ADDRESS: teresa@urfastc.com
ATTORNEY FOR *(Name)*: In Pro Per

FOR COURT USE ONLY

Electronically FILED by
Superior Court of California,
County of Los Angeles
8/05/2026 2:34 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By S. Ruiz, Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N. HILL STREET
MAILING ADDRESS: 111 N. HILL STREET
CITY AND ZIP CODE: LOS ANGELES, CA 90012
BRANCH NAME: STANLEY MOSK COURTHOUSE

CASE NAME:
BENITEZ v. ROCKET MORGAGE, LLC, ITS SUCESSORS AND/OR ASSIGNS

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 26STCV24722 |
|---|---|---|
| [x] Unlimited (Amount demanded exceeds $35,000) [ ] Limited (Amount demanded is $35,000 or less) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [x] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. [x] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [x] punitive
4. Number of causes of action *(specify)*: 5
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: August 5, 2026

MARIA BENITEZ ▶ */s/ Maria Benitez*

(TYPE OR PRINT NAME) (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
- Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease
    - Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
- Confession of Judgment *(non-domestic relations)*
- Sister State Judgment
- Administrative Agency Award *(not unpaid taxes)*
- Petition/Certification of Entry of Judgment on Unpaid Taxes
- Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition

| SHORT TITLE | CASE NUMBER |
|---|---|
| BENITEZ v. ROCKET MORTGAGE, LLC, ET AL | 26STCV24722 |

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) | |
|---|---|
| 1. Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. Location where petitioner resides. |
| 2. Permissive filing in Central District. | 8. Location wherein defendant/respondent functions wholly. |
| 3. Location where cause of action arose. | 9. Location where one or more of the parties reside. |
| 4. Location where bodily injury, death or damage occurred. | 10. Location of Labor Commissioner Office. |
| 5. Location where performance required, or defendant resides. | 11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6. Location of property or permanently garaged vehicle. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| Other Personal Injury/ Property Damage/ Wrongful Death | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| BENITEZ v. ROCKET MORTGAGE, LLC, ET AL | |

| | A Civil Case Cover Sheet Case Type | B Type of Action (check only one) | C Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| | | ☐ 2307 Construction Accidents | 1, 4 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| Other Personal Injury/ Property Damage/ Wrongful Death | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| Non-Personal Injury/Property Damage/Wrongful Death Tort | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| Employment | Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| Contract | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| BENITEZ v. ROCKET MORTGAGE, LLC, ET AL | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| Contract (Continued) | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/ negligence) | 1, 2, 3, 8, 9 |
| Real Property | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br>Number of Parcels ______ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☑ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| Unlawful Detainer | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| Judicial Review | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| Provisionally Complex Litigation | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| BENITEZ v. ROCKET MORTGAGE, LLC, ET AL | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| Provisionally Complex Litigation (Continued) | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| Enforcement of Judgment | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| Miscellaneous Civil Complaints | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☐ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| Miscellaneous Civil Petitions | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☑ 4307 Other Civil Petition | 2, 9 |

| SHORT TITLE<br>BENITEZ v. ROCKET MORTGAGE, LLC, ET AL | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON:<br>☐ 1. ☑ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☑ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11 | | | ADDRESS:<br>1221 245TH STREET |
|---|---|---|---|
| CITY:<br>HARBOR CITY | STATE:<br>CA | ZIP CODE:<br>90710 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the CENTRAL JUDICIAL District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: 08/05/2026

_/s/ Maria Benitez____________________________
(SIGNATURE OF ATTORNEY/FILING PARTY

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (01/23).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

Electronically FILED by Superior Court of California, County of Los Angeles 8/05/2026 2:34 PM David W. Slayton, Executive Officer/Clerk of Court, By S. Ruiz, Deputy Clerk

**MARIA BENITEZ**
1221 245th Street
Harbor City, CA 90710
Telephone: (310) 991-0523
Facsimile: (951) 855-8011
Email: teresa@urfastc.com

Petitioner in Pro Per

**IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**IN AND FOR THE COUNTY OF LOS ANGELES**

**STANLEY MOSK COURTHOUSE**

| | |
|---|---|
| MARIA BENITEZ<br><br>Plaintiff,<br><br>ROCKET MORTGAGE, LLC, ITS SUCCESSORS AND/OR ASSIGNS, AND DOES 1-50, INCLUSIVE<br><br>Defendant(s). | Case No. 26STCV24722<br><br>COMPLAINT FOR:<br><br>1. QUIET TITLE (California *Code of Civil Procedure § 760.010 et seq.*)<br>2. VIOLATION OF THE UNFAIR COMPETITION LAW (California *Business & Professions Code § 17200 et seq.*)<br>3. Ultra Vires Acts (Voidness of Promissory Note and Deed of Trust)<br>4. Fraud and Fraudulent Inducement<br>5. Restitution/Equitable Unjust Enrichment |

COMES NOW Petitioner, MARIA BENITEZ, hereinafter referred to as "Plaintiff" or "BENITEZ"), files this Complaint against Defendant ROCKET MORTGAGE, LLC, ITS SUCCESSORS AND/OR ASSIGNS, hereinafter referred to as "RM" as follows:

## I. IDENTITY OF PARTIES

1. At all relevant times, Plaintiff, MARIA BENITEZ, is a natural person residing in Los Angeles, California, a resident of Los Angeles County, and the fee simple owner and record title holder of the Subject Property commonly known as 1221 245th Street, Harbor City, CA 90710 (the "Subject Property").

2. Plaintiff is informed and believes, and thereon alleges, that Defendant ROCKET MORTGAGE, LLC, (RM) is a foreign limited liability company organized under the laws of the State of Michigan. Defendant Rocket Mortgage, LLC is the successor-in-interest by name change and corporate conversion to the entity that executed the subject transaction under the unfiled, unregistered name "Quicken Loans, LLC."

3. Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1 through 50, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff is informed and believes, and thereon alleges, that each of the fictitiously named DOE defendants is legally responsible in some manner for the occurrences, transactions, and statutory violations alleged herein, and that Plaintiff's injuries were proximately caused by their conduct. Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

## II. <u>JURISDICTION, VENUE, AND STANDING</u>

4. Jurisdiction: This Court has subject matter jurisdiction over this action pursuant to Article VI, Section 10 of the California Constitution because the claims asserted herein constitute an unlimited civil matter where the matter in controversy exceeds $35,000, exclusive of interest and costs, and involves the adjudication of title to real property located entirely within the State of California. This Court has personal jurisdiction over Defendant RM because it is a business entity that purposefully avails itself of the California economic market, registers to do business within this state, and systematically conducts consumer lending operations within this county and state.

5. Pursuant to *Code of Civil Procedure Section 392(a)(1) and (2)*, the venue is proper in Los Angeles County because the subject property is in Los Angeles County. Further, the events and transactions occurred within Los Angeles County. This Court has proper subject matter jurisdiction over the within action as the real property, the subject of the instant action, is so situated and physically located within this California Superior Court's Judicial District.

6. Plaintiff has standing to bring this action pursuant to California *Code of Civil Procedure Section 762.010* as the fee simple owner and record title holder of the Subject Property, whose property rights and title have been directly injured, clouded, and encumbered by the recording of a void Deed of Trust. Plaintiff further maintains standing under California *Business & Professions Code § 17204* because Plaintiff has suffered a distinct injury in fact and has lost money in the form

of continuous, monthly mortgage payments wrongfully exacted and collected by Defendants under a statutorily void and fraudulent contract.

## III. DATE OF DETERMINATION

7. Plaintiff herein requests that the date of the Judicial determination sought be that of the date of the filing of the initial Complaint.

## IV. SUBJECT PROPERTY

8. The Property is located at 1221 245th Street, Harbor City, CA 90710.

9. Legal description: Lot 153 of Tract No. 273860, in the County of Los Angeles, State of California, as per Map recorded in Book 730 Page(s) 14 to 18 inclusive of Maps, in the Office of the County Recorder of Said County.

## V. FACTUAL BACKGROUND

10. Prior to April 15, 2020, an entity known as Quicken Loans Inc. was registered as an active foreign corporation with the California Secretary of State.

11. On or about April 15, 2020, Quicken Loans Inc. ceased to have active, authorized corporate status to transact business with the California Secretary of State.

12. Following April 15, 2020, no entity by the name of "Quicken Loans, LLC" ever registered as a foreign limited liability company, filed for corporate conversion, or sought qualification to transact business with the California Secretary of State. A certified Certificate of No Record issued by the California Secretary of State definitively establishes that "Quicken Loans, LLC" has zero corporate filing history, legal registration, or operational authority in California.

13. Furthermore, Quicken Loans, LLC failed to secure, maintain, or register a finance lender license with the California Department of Financial Protection and Innovation ("DFPI"). The official DFPI database reveals zero record of a valid lender license issued to "Quicken Loans, LLC" as of May 27, 2020.

14. On May 27, 2020—more than one month *after* Quicken Loans Inc. became inactive, and with zero registration or licensure existing for any LLC variant—Defendants drafted, executed, and induced Plaintiff into signing a Promissory Note and a Deed of Trust securing a loan on the Subject Property.

15. The Deed of Trust executed on May 27, 2020, explicitly designates the "Lender" as "Quicken Loans, LLC." This Deed of Trust was subsequently recorded in the Official Records of

the County Recorder for Los Angeles County as Instrument No. 20200586128 on May 29, 2020.

16. At the time of execution on May 27, 2020, Quicken Loans, LLC was a completely unfiled, unregistered foreign entity and an unlicensed lender under the laws of the State of California.

17. Defendants knowingly, intentionally, and deceptively utilized the unfiled, unregistered, and unlicensed entity name "Quicken Loans, LLC" on the face of the Promissory Note and Deed of Trust. Defendants knew at the time of execution on May 27, 2020, that "Quicken Loans, LLC" did not possess active corporate registration or a valid finance lender license within the State of California.

18. Defendants engaged in this active concealment and misrepresentation with the specific intent to deceive Plaintiff, bypass state regulatory oversight, and induce Plaintiff into executing high-stakes real estate security instruments that Plaintiff would have otherwise refused to sign had the true nature of the Lender's unfiled and unlicensed status been disclosed. Plaintiff reasonably relied on Defendants' false representations of their legal corporate and licensed status to Plaintiff's substantial financial detriment.

**FIRST CAUSE OF ACTION - Quiet Title**

[Cal. *Code Civ. Proc. § 760.010 et seq.* Against All Defendants and Does 1–50]

19. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs 1 as though fully set forth herein.

20. Plaintiff seeks to quiet title against the claims of Defendants, and each of them, on the ground that the Deed of Trust recorded as Instrument No. 20200586128 is completely void *ab initio*.

21. The Deed of Trust is void from its inception because the designated beneficiary and lender, Quicken Loans, LLC, had no legal corporate existence, registration, or regulatory standing within the State of California on May 27, 2020, rendering the security instrument an absolute nullity that cannot cloud Plaintiff's title.

22. Plaintiff seeks a judicial declaration that the Deed of Trust is void, an order canceling the Deed of Trust of record, and a decree that Plaintiff holds fee simple title to the Subject Property free and clear of any liens or claims asserted by Defendants.

//

//

**SECOND CAUSE OF ACTION - Violation of the Unfair Competition Law — "Unlawful" Prong**

[Cal. *Bus. & Prof. Code § 17200 et seq.* Against Rocket Mortgage, LLC and Does 1–50]

23. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

24. California *Business and Professions Code section 17200* prohibits any "unlawful, unfair or fraudulent business act or practice." By prohibiting "any unlawful" practice, the Unfair Competition Law ("UCL") borrows rules set forth in other laws and makes violations of those statutory rules independently actionable by private litigants.

25. On May 27, 2020, Defendants engaged in an "unlawful" business practice under the UCL by willfully transacting consumer finance lending business and executing the subject loan instruments under the specific legal name "Quicken Loans, LLC."

26. Defendants' conduct directly violated California *Financial Code section 22155*, which strictly prohibits any finance lender or licensee from transacting business, making a loan, or executing closing documents under any name other than the exact name appearing on its active state license.

27. Defendants' conduct further violated California *Financial Code section 22100(a)*, which mandates that no person shall engage in the business of a finance lender without obtaining a license from the commissioner. "Quicken Loans, LLC" held no active license with the DFPI.

28. Pursuant to California *Financial Code section 22750(b)*, any loan contract made in willful violation of these underlying provisions of the California Financing Law is void, and no person has any right to collect or receive any principal, interest, charges, or recompense.

29. By executing and servicing a loan contract that is declared statutorily void under *Financial Code section 22750(b)*, Defendants have committed ongoing, continuous "unlawful" business practices under *Business & Professions Code section 17200*. Plaintiff has in fact suffered an injury and lost money consisting of monthly payments collected under an unlawful, void instrument.

**THIRD CAUSE OF ACTION - Ultra Vires Acts — Lack of Legal Corporate Capacity and Authority (Voidness of Promissory Note and Deed of Trust)**

[Against Rocket Mortgage, LLC and Does 1–50]

30. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs

as though fully set forth herein.

31. Under California common law and traditional corporate doctrines, an entity must possess valid legal existence, proper qualification, and an active certificate of authority to lawfully execute binding commercial contracts, initiate consumer loans, or accept security interests in real property within the state.

32. On May 27, 2020, the entity designated as the lender on the Promissory Note and Deed of Trust, "Quicken Loans, LLC," possessed no legal qualification, no corporate charter registry, and no foreign corporation registration within the jurisdiction of the State of California.

33. Because "Quicken Loans, LLC" was a completely unfiled and non-existent entity under California law on the date of execution, it completely lacked the legal capacity, power, and authority to enter into contracts or act as a beneficiary under a Deed of Trust.

34. The acts of drafting, issuing, executing, and subsequently recording a Deed of Trust under an unregistered, unauthorized entity structure constitute *ultra vires* acts done without authority from the state.

35. Because an entity cannot exercise powers or secure contract rights it does not legally possess, the resulting Promissory Note and Deed of Trust are absolute nullities, are *ultra vires*, and are void *ab initio*. Defendants have no legal authority to enforce any terms or maintain any liens derived from these *ultra vires* acts.

**FOURTH CAUSE OF ACTION - Fraud and Fraudulent Inducement**
[Against Rocket Mortgage, LLC and Does 1–50]

36. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

37. On and before May 27, 2020, Defendants intentionally represented to Plaintiff on the face of the Promissory Note and Deed of Trust that the transacting lender was a legally authorized and valid corporate entity named "Quicken Loans, LLC."

38. The representations made by Defendants were completely false. "Quicken Loans, LLC" was a non-existent corporate entity with a certified Certificate of No Record from the California Secretary of State and possessed zero licensure with the DFPI.

39. Defendants knew these representations were false at the time they were made. Defendants willfully concealed their true corporate status and their total lack of California licensure to

manipulate Plaintiff into executing the Alleged Loan Instruments.

40. Defendants made these false representations with the specific intent to induce Plaintiff's reliance and force the execution of a void, unconscionable home loan contract to secure an interest-bearing stream of revenue from Plaintiff's real property.

41. Plaintiff was completely ignorant of the falsity of Defendants' representations and reasonably believed them to be true. In justifiable reliance upon these false representations, Plaintiff was induced to execute, sign, and record the Promissory Note and Deed of Trust.

42. As a direct and proximate result of Defendants' fraud and fraudulent inducement, Plaintiff has suffered substantial injury, lost money in the form of continuous mortgage payments, and has had fee simple title to the Subject Property wrongfully clouded.

43. Defendants' fraudulent conduct was undertaken intentionally, willfully, and with a conscious disregard for Plaintiff's statutory rights. Defendants acted with oppression, fraud, and malice within the explicit meaning of California *Civil Code Section 3294*. Therefore, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendants and deter such predatory corporate behavior in the future.

**FIFTH CAUSE OF ACTION - Restitution / Equitable Unjust Enrichment**

[Against Rocket Mortgage, LLC and Does 1–50]

44. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

45. From the inception of the transaction on May 27, 2020, through the present date, Plaintiff has made regular mortgage payments, consisting of principal, interest, escrow fees, and associated charges, totaling approximately $259,103.60 to Defendants.

46. Because the underlying Promissory Note and Deed of Trust were executed via an unlawful business practice [Cal. *Bus. & Prof. Code § 17200*], constitute fraudulent inducement, and are void *ab initio* under California *Financial Code § 22750(b)* and the common law doctrine of *ultra vires*, Defendants never possessed any legal right or entitlement to demand, collect, or retain these funds from Plaintiff.

47. Defendants have been unjustly enriched by retaining money paid under a legally void, non-enforceable contract. Equity, traditional principles of restitution, and *Business & Professions Code section 17203* require full restitution of all monies paid by Plaintiff to Defendants under the

void instruments.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. For a decree quieting title in Plaintiff's favor under California *Code of Civil Procedure Section 760.010*, declaring that Plaintiff is the sole owner in fee simple of the Subject Property, and that Defendants have no right, title, estate, lien, or interest whatsoever in the property;
2. For a judicial declaration that both the Promissory Note and Deed of Trust executed on May 27, 2020, are void *ab initio* pursuant to California *Financial Code section 22750(b)*, the common law doctrine of *ultra vires*, and fundamental rules of fraud in the inducement;
3. For an order directing the cancellation of the Deed of Trust and the voiding of the Promissory Note from the Official Records of Los Angeles County;
4. For an order under *Business & Professions Code section 17203* requiring full restitution of all principal, interest, and charges collected by Defendants under the void loan contract, in the amount of $259,103.60;
5. For an award of punitive and exemplary damages against Defendants pursuant to California *Civil Code Section 3294*, according to proof at the time of trial;
6. For such other and further relief as the Court deems just and proper.

DATED: August 4, 2026

Respectfully submitted by:

*/s/ Maria Benitez*

Maria Benitez
Plaintiff
All Rights Reserved. Without Prejudice.
*UCC § 1-308*

**VERIFICATION**

I, MARIA BENITEZ, verify that I am the Plaintiff in this action. I have read the foregoing Complaint and know its contents; that the same is true of my own knowledge, except as to matters which are therein stated upon information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 4, 2026, at Harbor City, California.

Respectfully submitted by:

*/s/ Maria Benitez* ______________________________
Maria Benitez
Plaintiff
All Rights Reserved. Without Prejudice.
*UCC § 1-308*

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES** | Reserved for Clerk's File Stamp<br><br>FILED<br>Superior Court of California<br>County of Los Angeles<br>08/05/2026<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: S. Ruiz Deputy |
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | |
| **NOTICE OF CASE ASSIGNMENT<br>UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>26STCV24722 |

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Thomas D. Long | 506 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record David W. Slayton, Executive Officer / Clerk of Court

on 08/06/2026 By S. Ruiz, Deputy Clerk
(Date)

# INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

**APPLICATION**
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

**PRIORITY OVER OTHER RULES**
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

**CHALLENGE TO ASSIGNED JUDGE**
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

**TIME STANDARDS**
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

**COMPLAINTS**
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

**CROSS-COMPLAINTS**
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

**STATUS CONFERENCE**
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

**FINAL STATUS CONFERENCE**
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

**SANCTIONS**
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

**Class Actions**
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

***Provisionally Complex Cases**
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

*Superior Court of California, County of Los Angeles*

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE**

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS MUST SERVE THIS ADR INFORMATION PACKAGE ON ANY NEW PARTIES NAMED TO THE ACTION WITH THE CROSS-COMPLAINT.**

**WHAT IS ADR?**

Alternative Dispute Resolution (ADR) helps people find solutions to their legal disputes without going to trial. The Court offers a variety of ADR resources and programs for various case types.

**TYPES OF ADR**

- **Negotiation.** Parties may talk with each other about resolving their case at any time. If the parties have attorneys, they will negotiate for their clients.
- **Mediation.** Mediation may be appropriate for parties who want to work out a solution but need help from a neutral third party. A mediator can help the parties reach a mutually acceptable resolution. Mediation may be appropriate when the parties have communication problems and/or strong emotions that interfere with resolution. Mediation may not be appropriate when the parties want a public trial, lack equal bargaining power, or have a history of physical or emotional abuse.
- **Arbitration.** Less formal than a trial, parties present evidence and arguments to an arbitrator who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision.
- **Settlement Conferences.** A judge or qualified settlement officer assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Mandatory settlement conferences may be ordered by a judicial officer. In some cases, voluntary settlement conferences may be requested by the parties.

**ADVANTAGES OF ADR**

- **Save time and money.** Utilizing ADR methods is often faster than going to trial and parties can save on court costs, attorney's fees, and other charges.
- **Reduce stress and protect privacy.** ADR is conducted outside of a courtroom setting and does not involve a public trial.
- **Help parties maintain control.** For many types of ADR, parties may choose their ADR process and provider.

**DISADVANTAGES OF ADR**

- **Costs.** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial.** ADR does not provide a public trial or decision by a judge or jury.

**WEBSITE RESOURCES FOR ADR**

- **Los Angeles Superior Court ADR website:** www.lacourt.org/ADR
- **California Courts ADR website:** www.courts.ca.gov/programs-adr.htm

**Los Angeles Superior Court ADR Programs for Unlimited Civil (cases valued over $35,000)**

Litigants should closely review the requirements for each program and the types of cases served.

- **Civil Mediation Vendor Resource List.** Litigants in unlimited civil cases may use the Civil Mediation Vendor Resource List to arrange voluntary mediations without Court referral or involvement. The Resource List includes organizations that have been selected through a formal process that have agreed to provide a limited number of low-cost or no-cost mediation sessions with attorney mediators or retired judges. Organizations may accept or decline cases at their discretion. Mediations are scheduled directly with these organizations and are most often conducted through videoconferencing. The organizations on the Resource List target active civil cases valued between $50,000-$250,000, though cases outside this range may be considered. *For more information and to view the list of vendors and their contact information, download the Resource List Flyer and FAQ Sheet at www.lacourt.org/ADR/programs.html.*
  **RESOURCE LIST DISCLAIMER:** The Court provides this list as a public service. The Court does not endorse, recommend, or make any warranty as to the qualifications or competency of any provider on this list. Inclusion on this list is based on the representations of the provider. The Court assumes no responsibility or liability of any kind for any act or omission of any provider on this list.

- **Mediation Volunteer Panel (MVP).** Unlimited civil cases referred by judicial officers to the Court's Mediation Volunteer Panel (MVP) are eligible for three hours of virtual mediation at no cost with a qualified mediator from the MVP. Through this program, mediators volunteer preparation time and three hours of mediation at no charge. If the parties agree to continue the mediation after three hours, the mediator may charge their market hourly rate. When a case is referred to the MVP, the Court's ADR Office will provide information and instructions to the parties. The Notice directs parties to meet and confer to select a mediator from the MVP or they may request that the ADR Office assign them a mediator. The assigned MVP mediator will coordinate the mediation with the parties. *For more information or to view MVP mediator profiles, visit the Court's ADR webpage at www.lacourt.org/ADR or email ADRCivil@lacourt.org.*

- **Mediation Center of Los Angeles (MCLA) Referral Program.** The Court may refer unlimited civil cases to mediation through a formal contract with the Mediation Center of Los Angeles (MCLA), a nonprofit organization that manages a panel of highly qualified mediators. Cases must be referred by a judicial officer or the Court's ADR Office. The Court's ADR Office will provide the parties with information for submitting the case intake form for this program. MCLA will assign a mediator based on the type of case presented and the availability of the mediator to complete the mediation in an appropriate time frame. MCLA has a designated fee schedule for this program. *For more information, contact the Court's ADR Office at ADRCivil@lacourt.org.*

- **Resolve Law LA (RLLA) Virtual Mandatory Settlement Conferences (MSC).** Resolve Law LA provides three-hour virtual Mandatory Settlement Conferences at no cost for personal injury and non-complex employment cases. Cases must be ordered into the program by a judge pursuant to applicable Standing Orders issued by the Court and must complete the program's online registration process. The program leverages the talent of attorney mediators with at least 10 years of litigation experience who volunteer as settlement officers. Each MSC includes two settlement officers, one each from the plaintiff and defense bars. Resolve Law LA is a joint effort of the Court, Consumer Attorneys Association of Los Angeles County (CAALA), Association of Southern California Defense Counsel (ASCDC), Los Angeles Chapter of the American Board of Trial Advocates (LA-ABOTA), Beverly Hills Bar Foundation (BHBF), California Employment Lawyers Association (CELA), and Los Angeles County Bar Association (LACBA). *For more information, visit https://resolvelawla.com.*

- **Judicial Mandatory Settlement Conferences (MSCs).** Judicial MSCs are ordered by the Court for unlimited civil cases and may be held close to the trial date or on the day of trial. The parties and their attorneys meet with a judicial officer who does not make a decision, but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For more information, visit https://www.lacourt.org/division/civil/CI0047.aspx.

**Los Angeles Superior Court ADR Programs for Limited Civil (cases valued below $35,000)**
Litigants should closely review the requirements for each program and the types of cases served.

- **Dispute Resolution Program Act (DRPA) Day-of-Hearing Mediation.** Through the Dispute Resolution Program Act (DRPA), the Court works with county-funded agencies, including the Los Angeles County Department of Consumer & Business Affairs (DCBA) and the Center for Conflict Resolution (CCR), to provide voluntary day-of-hearing mediation services for small claims, unlawful detainer, limited civil, and civil harassment matters. DCBA and CCR staff and trained volunteers serve as mediators, primarily for self-represented litigants. There is no charge to litigants. *For more information, visit https://dcba.lacounty.gov/countywidedrp.*

- **Temporary Judge Unlawful Detainer Mandatory Settlement Conference Pilot Program.** Temporary judges who have been trained as settlement officers are deployed by the Court to designated unlawful detainer court locations one day each week to facilitate settlement of unlawful detainer cases on the day of trial. For this program, cases may be ordered to participate in a Mandatory Settlement Conference (MSC) by judicial officers at Stanley Mosk, Long Beach, Compton, or Santa Monica. Settlement rooms and forms are available for use on the designated day at each courthouse location. There is no charge to litigants for the MSC. ***For more information,** contact the Court's ADR Office at ADRCivil@lacourt.org.*

Wolters Kluwer

**CT Corporation**
**Service of Process Notification**
08/12/2026
CT Log Number 553046144

## Service of Process Transmittal Summary

**TO:** SARA PICA
Rocket Limited Partnership
1050 WOODWARD AVE
DETROIT, MI 48226

**RE:** **Process Served in California**

**FOR:** Rocket Mortgage, LLC (Domestic State: MI)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

**TITLE OF ACTION:** MARIA BENITEZ vs. ROCKET MORTGAGE, LLC

**DOCUMENT(S) SERVED:** Summons, Civil Case Cover Sheet(s), Compliant, Verification, Notice, Attachment(s)

**COURT/AGENCY:** Los Angeles County - Superior Court - Central Avenue, CA
Case # 26STCV24722

**NATURE OF ACTION:** Quiet Title

**PROCESS SERVED ON:** C T Corporation System, GLENDALE, CA

**DATE/METHOD OF SERVICE:** By Process Server on 08/12/2026 at 12:53

**JURISDICTION SERVED:** California

**APPEARANCE OR ANSWER DUE:** Within 30 days after service

**ATTORNEY(S)/SENDER(S):** Maria Benitez
1221 245th Street
Harbor City, CA 90710
310-991-0523

**ACTION ITEMS:** CT has retained the current log, Retain Date: 08/12/2026, Expected Purge Date: 08/17/2026

Image SOP

Email Notification, SARA PICA sarapica@rocketcompanies.com

Email Notification, Lauren Trathen laurentrathen@rocketcompanies.com

Email Notification, Lauren Holloway laurenholloway@rocket.com

Email Notification, Danielle Golas daniellegolas@rocket.com

Email Notification, Kristen Stachura kristenstachura@rocketcompanies.com

Email Notification, Kaylah Taylor kaylahtaylor@rocket.com

Email Notification, Aaron Carroll aaroncarroll@rocket.com

Email Notification, Korey Nuckolls koreynuckolls@rocket.com

Email Notification, Justin Davis justindavis@rocket.com

Wolters Kluwer

**CT Corporation**
**Service of Process Notification**
08/12/2026
CT Log Number 553046144

Email Notification, Mao Robles maorobles@rocket.com

**REGISTERED AGENT CONTACT:**

C T Corporation System
330 N BRAND BLVD
STE 700
GLENDALE, CA 91203
8775647529
MajorAccountTeam1@wolterskluwer.com

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

# PROCESS SERVER DELIVERY DETAILS

**Date:** Wed, Aug 12, 2026
**Server Name:** DROP SERVICE

| | |
|---|---|
| Entity Served | ROCKET MORTGAGE, LLC |
| Case Number | 26STCV24722 |
| Jurisdiction | CA |

| Inserts | | |
|---|---|---|
| | | |